http://www.va.gov/vetapp16/Files4/1630504.txt

Citation Nr: 1630504 
Decision Date: 07/29/16 Archive Date: 08/04/16

DOCKET NO. 12-02 671A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Philadelphia, Pennsylvania

THE ISSUE

Entitlement to service connection for gastroesophageal reflux disease (GERD), to include as secondary to service-connected posttraumatic stress disorder (PTSD).

REPRESENTATION

Veteran represented by: The American Legion

WITNESS AT HEARING ON APPEAL

Veteran

ATTORNEY FOR THE BOARD

Jack S. Komperda, Associate Counsel

INTRODUCTION

The Veteran served on active duty from February 1968 to October 1969.

This case is before the Board of Veterans' Appeals (Board) on appeal from a May 2010 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Philadelphia, Pennsylvania. 

In October 2015, the Veteran testified at a Travel Board hearing before the undersigned Veterans Law Judge. A transcript of the proceeding is in the record.

This matter was last before the Board in December 2015, at which time the Veteran's claims seeking service connection for a right shoulder condition and GERD were remanded for additional development. In a February 2016 rating decision, the RO granted service connection for a right shoulder condition. As such, this issue is no longer before the Board. However, the Veteran's GERD claim must again be remanded for additional development for the reasons detailed below.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.

REMAND

The Veteran testified during his Board hearing that he has had ongoing burning symptoms in the back of his throat for more than 40 years and he has self-medicated with over-the-counter drugs since service. His VA treatment records reflect that he is currently diagnosed with GERD. 

In January 2016, the Veteran was afforded a VA examination for his GERD symptoms. A VA examiner concluded that the Veteran's GERD and oropharyngeal disorder were not caused or aggravated by active duty service. In support of this conclusion, the examiner noted that a January 31, 2013 treatment record showed the onset of the Veteran's symptoms related to his esophagus were several decades after separation from active duty service. Further, the Veteran's most recent barium swallow test dated December 2015 showed an abnormality that did not exist on the barium swallow done in January 2013. 

That opinion is inadequate because it did not consider the Veteran's report that he had experienced symptoms for approximately 40 years and had self-medicated. See Dalton v. Nicholson, 21 Vet. App. 23 (2007). 

In a June 2016 brief in support of his claim, the Veteran's representative submitted a number of articles that indicated there was a medical relationship between GERD and posttraumatic stress disorder (PTSD). The representative asked that the Veteran's claim be remanded in order to obtain a VA medical opinion addressing the question of whether the Veteran's service-connected PTSD caused or aggravated the current state of his GERD. The Board agrees that such an opinion is necessary. As such, the Veteran's claim must be remanded for an addendum opinion that considers the secondary service connection issue raised by the Veteran's representative. 

Accordingly, the case is REMANDED for the following action:

1. Forward the Veteran's claims file to the examiner who conducted the Veteran's January 2016 VA esophageal conditions examination (or another appropriate examiner if that examiner is unavailable) for supplemental comment with regard to his claim for service connection for GERD, to include as secondary to service-connected PTSD. The claims file, to include a copy of this Remand, must be made available to the examiner for review prior to the exam. Any indicated evaluations, studies, and tests should be conducted. If the examiner determines that an addendum opinion cannot be provided without an examination, the Veteran should be scheduled for an appropriate examination. 

Based on the examination, if deemed necessary, and review of the record, the examiner is requested to provide an opinion addressing the following questions:

(a) Is it at least as likely as not that the Veteran's currently diagnosed GERD or oropharyngeal disorder were incurred in service? The examiner should consider the Veteran's report that he experienced symptoms for 40 years and self-medicated. 

(b) Is it at least as likely as not (50 percent or higher degree of probability) that either currently diagnosed GERD or oropharyngeal disorder were caused by his service-connected PTSD?

(c) Is it at least as likely as not that either the Veteran's diagnosed GERD or oropharyngeal disorder were aggravated by his service-connected PTSD?

Detailed rationale is requested for all opinions provided, and the examiner is asked to specifically address articles provided by the Veteran's representative indicating a relationship between PTSD and GERD. If an opinion cannot be made without resort to speculation, the examiner should provide an explanation as to why this is so and note what, if any, additional evidence would permit such an opinion to be made.

2. After conducting any other development deemed necessary, readjudicate the Veteran's claim. If any benefit sought remains denied, issue an appropriate Supplemental Statement of the Case (SSOC) and provide the Veteran and his representative an opportunity to respond. The case should then be returned to the Board, if otherwise in order, for further appellate review. 

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

_________________________________________________
M. E. LARKIN
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).